Wilford E. **WOODS**, Petitioner,

v.

**BALTIMORE AND OHIO RAILROAD COMPANY**, Respondent.

Misc. No. 1203.

United States Court of Appeals,
Sixth Circuit.

April 27, 1971.

Charles Alan Wright, Austin, Tex., James E. McLaughlin, Pittsburgh, Pa., Robert Frost, Columbus, Ohio, for petitioner.

Robert B. McAlister, Alexander, Ebinger, Holschuh, Fisher & McAlister, Columbus, Ohio, for respondent.

Before PHILLIPS, Chief Judge, and PECK and BROOKS, Circuit Judges.

PER CURIAM.

The only issue in this case for present purposes is whether the Court has jurisdiction to permit an interlocutory appeal from an order of the District Court holding certain claims in an FELA personal injury action barred by that statute's statute of limitations. Specifically, the question is whether there was a timely application for permission to take an interlocutory appeal under the provisions of 28 U.S.C. § 1292(b) and Rule 5(a), F.R.A.P., which require the application for permission to appeal to be filed in the Court of Appeals within 10 days after the District Judge enters the order and certifies that the order involves a controlling question of law on which there is a ground for substantial difference of opinion and that an immediate appeal would materially advance the ultimate termination of the litigation.

Since the controlling question is one of timeliness, the following chronology may be helpful. The original complaint was filed in 1966, alleging that the plaintiff suffered certain injuries in an accident on January 14, 1965. On January 20, 1969, by leave of Court, the plaintiff filed an amended complaint, alleging additional injuries resulting from three separate occurrences from 1965 to 1967 subsequent to his original injury on January 14, 1965. On July 8, 1969, the District Court sustained the defendant's motion for summary judgment with respect to the three additional claims of the plaintiff's amended complaint, holding that they were barred by the FELA's statute of limitations. In April, 1970, by leave of Court, the plaintiff filed a second amended complaint, alleging, in essence, that the subsequent injuries alleged in the prior amended complaint were all the result of the original injury on January 14, 1965. On August 4, 1970, the District Court held that the

claims of the second amended complaint were barred by the Court's order of July 8, 1969, since they involved separate claims arising out of separate occurrences. Recognizing, however, that the ruling would eliminate a large part of the plaintiff's claimed damages from the trial, the District Court certified that an interlocutory appeal from that order would materially advance the ultimate termination of the litigation. The plaintiff had 10 days from the entry of that order on August 4, 1970, within which to seek permission in this Court for an interlocutory appeal (Rule 5(a), F.R.A. P.), but no application for permission was filed within that time. When plaintiff's trial counsel assertedly "discovered" that no application for permission had been timely filed, he moved the District Court in late February, 1971, to vacate its August 4, 1970 order and refile it in order to permit an application to be filed. Over the defendant's objection, the District Court, on March 3, 1971, ordered its August 4, 1970, order vacated and further ordered that "the Court's Opinion and Order of August 4, 1970, be deemed refiled one hour after it is vacated." The petition for permission to appeal herein considered was filed within 10 days of the March 3 order.

Thus, simply stated, the question is whether, for the purpose of enabling the Court of Appeals to acquire jurisdiction to consider an application for an interlocutory appeal, a District Court can vacate its prior order, from which no application for permission to appeal was timely filed, and refile such order for the sole purpose of permitting the party wishing to take an appeal to make a timely application. This appears to be a question of first impression. It is clear, however, that the 10 day time limit specified in § 1292(b) and Rule 5(a) for the filing of the application for permission is jurisdictional. Borskey v.

American Pad & Textile Co., 296 F.2d 894, 895 (5th Cir. 1961). See Stelly v. Employers National Ins. Co., 431 F.2d 1251, 1252 (5th Cir. 1970). Moreover, the Courts of Appeals are specifically prohibited from enlarging the time period prescribed therein for the filing of a petition for permission to appeal. Rule 26(b), F.R.A.P., and nothing in the civil or appellate rules gives the District Court the power to extend the time. See 9 J. Moore, Federal Practice ¶ 205.03 [2] at 1107 (2 ed. 1970). We recognize that dictum from another circuit indicates that a Court of Appeals could acquire jurisdiction upon a timely application pursuant to the District Court's reconsideration of a prior order from which no timely application was sought. Borskey v. American Pad & Textile Co., *supra*. However, the petitioner here can find no support for his position in the *Borskey* dictum. Without reaching the question of whether, following expiration of the time period for the filing of an application for permission to appeal, the Court of Appeals could acquire jurisdiction upon the District Court's reconsideration of its prior order and the timely filing of an application after the entry of such order upon reconsideration, we hold that the District Court's order of March 3, 1971, merely vacating the order of August 4, 1970, and ordering it refiled one hour later did not constitute a "reconsideration" of the August 4, 1970, order. Rather, it is abundantly clear that the District Court was attempting to do by indirection that which neither it nor this Court could directly, i. e., extend the jurisdictional period of time which the petitioner had permitted to elapse. Accordingly, this Court is without jurisdiction to entertain the interlocutory appeal.

The Petition for Permission to Appeal is denied.