**MARISOL, A., by her next friend, Rev. Dr. James Alexander FORBES, Jr., et al., Plaintiffs–Appellees,**

**v.**

**Rudolph W. GIULIANI, as Mayor of the City of New York, et al., Defendants–Appellants.**

**Docket No. 96–9132.**

United States Court of Appeals, Second Circuit.

Motion Submitted Dec. 10, 1996.

Decided Dec. 10, 1996.

Opinion Filed Jan. 8, 1997.

Marcia Robinson Lowry, Craig Levine, Rebecca Kim Kimura, Karen Freedman, Anne Park, Children Rights, Inc., New York City; Karen Freedman, Gayle Lerner, Lawyers for Children, New York City; Thomas F. Curnin, Landis Best, Serina Vash, Cahill Gordon & Reindel, New York City, for Plaintiffs–Appellees.

Paul A. Crotty, Corporation Counsel of the City of New York, New York City (Francis F. Caputo, Grace Goodman, Stephanie Freeman Goldstein, of counsel), for City Defendants–Appellants.

Dennis C. Vacco, Attorney General of the State of New York, New York City (Robert A. Forte, Michael S. Popkin, Steven M. Connolly, Assistant Attorneys General, of counsel), Barbara G. Billet, Solicitor General, Thomas D. Hughes, Assistant Solicitor General, for State Defendants–Appellants.

Before: FEINBERG, ALTIMARI and PARKER, Circuit Judges.

FEINBERG, Circuit Judge:

In early September 1996, a panel of this court granted the petition of defendants-appellants under 28 U.S.C. § 1292(b) for permission to appeal from an interlocutory order of the United States District Court for the Southern District of New York, Robert J. Ward, J. About 2–1/2 months later, plaintiffs-appellees moved to dismiss the appeal, claiming that this court had not had jurisdiction under § 1292(b) to grant defendants leave to appeal. This panel denied the motion by order dated December 10, 1996. In light of varying approaches in other circuits to the jurisdictional issues raised by plaintiffs' motion to dismiss the appeal, we write to explain our holding. The basic question raised by the motion was whether a district court has the power to recertify under § 1292(b) the order appealed from to enable the party opposing such order to file with this court a

timely petition for leave to appeal. If not, then defendants' petition to us in this case was not timely and our prior panel did not have jurisdiction in September to grant it. We hold that a district court does have such power to recertify the order under attack. As a result, the prior panel did have jurisdiction to consider whether to exercise its discretion to grant defendants leave to appeal.[1]

### Prior Proceedings

Plaintiffs, children who are the legal responsibility of the New York City child welfare system, brought an action under 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York, against the Mayor of the City of New York, the Commissioner of the City's Department of Social Services, and the Commissioner of the City's Administration for Children's Services (collectively the City defendants), and the Governor of the State of New York, and the Acting Commissioner of the State Department of Social Services (collectively the State defendants). Plaintiffs allege that the New York City child welfare system has mishandled their cases and generally failed to protect their safety and well-being.

In July 1996, Judge Ward entered an order granting plaintiffs' motion to certify a class consisting of all children who are the legal responsibility of the City's child welfare system. On July 26, 1996, upon City defendants' motion,[2] the judge certified his class certification order for interlocutory appeal under 28 U.S.C. § 1292(b) (the first

§ 1292(b) order).[3] This started a 10–day period during which defendants could file a timely petition in this court seeking leave to appeal. Id.; see also Federal Rules of Appellate Procedure (FRAP) 5(a).[4]

However, during a status conference before the district court on August 8, 1996, the City defendants disclosed that due to an inadvertent miscalculation of this 10–day period, they had failed to timely file their petition. Upon defendants' request and over plaintiffs' objection, the district judge on August 9 entered an order (the second § 1292(b) order), which recertified the class certification order. That is, he again stated in writing that he believed that the class certification order "involve[d] a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal may materially advance the ultimate termination of the litigation." At plaintiffs' request, the judge limited defendants to three business days in which to file their petition in this court rather than allowing them the full 10 days allotted by § 1292(b) and FRAP 5(a). On August 14, 1996, defendants filed their petition in this court for leave to appeal. With no discussion of the possible jurisdictional question, a panel of this court granted defendants leave to appeal by order dated September 3, 1996.

In mid-November, some three weeks after defendants filed briefs on the merits of the appeal, plaintiffs brought this motion to dismiss the appeal. They claimed that this

---

1. We express no view on the prior panel's exercise of discretion in granting leave to appeal, but focus instead on the narrow jurisdictional argument of whether this court had the power to entertain defendants' petition at all.

2. The parties later stipulated that the State defendants had joined the City's certification motion. However, this stipulation explicitly did not alter the amount of time defendants had to seek leave to appeal in this court.

3. Section 1292(b) provides, in relevant part:

    When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate

termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order....

4. FRAP 5(a) provides, in relevant part:

    An appeal from an interlocutory order containing the statement prescribed by 28 U.S.C. § 1292(b) may be sought by filing a petition for permission to appeal with the clerk of the court of appeals within 10 days after the entry of such order in the district court.... An order may be amended to include the prescribed statement at any time, and permission to appeal may be sought within 10 days after entry of the order as amended.

court did not have jurisdiction to allow the appeal because defendants' petition in this court for leave to appeal was not filed within 10 days of the district court's first § 1292(b) order. As already indicated, we denied the motion to dismiss. This opinion explains why.

### Discussion

■ Section 1292(b), see note 3 above, states that after a district court certifies an interlocutory order for appeal, a circuit court may grant leave to appeal "if application is made to it within ten days after the entry of the order." The second sentence of FRAP 5(a), see note 4 above, makes clear that the 10–day period begins when the district court amends the order under attack to include the § 1292(b) certification. The parties agree that FRAP 26(b) prohibits a circuit court from extending this 10–day time limit. Plaintiffs correctly note that these rules constitute a jurisdictional limit on the circuit court's power to consider a petition for leave to appeal. *Tranello v. Frey,* 962 F.2d 244, 248 (2d Cir.1992). Plaintiffs go on to argue that when Judge Ward entered the second § 1292(b) order after defendants had inadvertently failed to petition this court within 10 days after entry of the first § 1292(b) order, the district court enabled defendants to achieve an "end-run" around the jurisdictional limit.

■ Neither this circuit nor the Supreme Court has squarely addressed the issue of whether a circuit court has jurisdiction to consider a § 1292(b) petition in this situation.[5] Both parties cite *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), in which the district court had recertified its original interlocutory order nine months after the 10–day period had expired due to the appellant's failure to properly file its petition in the circuit court for leave to appeal. *Id.* at 159–60, 104 S.Ct. at 1729–30. The majority reached the merits of the appeal without

even mentioning these facts. In dissent, however, Justice Stevens (joined by Justices Brennan and Marshall) noted a circuit split on the jurisdictional issue and explained that he was "persuaded by the view, supported by the commentators, that interlocutory appeals in these circumstances should be permitted, notwithstanding the fact that this view essentially renders the 10–day time limitation, if not a nullity, essentially within the discretion of a district court to extend at will." *Id.* at 162, 104 S.Ct. at 1731 (Stevens, J., dissenting). Although defendants cite *Baldwin* as implicit support for the district court's power to recertify an order, the issue bears further exploration in view of the majority's silence on the issue.

In support of plaintiffs' position, at least one circuit has held that a district court cannot recertify an interlocutory order solely to "extend the jurisdictional period of time which the petitioner had permitted to elapse." *Woods v. Baltimore and Ohio R.R.,* 441 F.2d 407, 408 (6th Cir.1971) (per curiam) (recertification six months after original certification did not give appellate court jurisdiction). That court reasoned that the district court should not be able to do indirectly what the circuit court could not do. *Id.* Relying on *Woods,* a district court in this circuit has held that, even assuming appellants were not at fault for failing to timely petition for appeal, the court was "powerless" to recertify the interlocutory order solely to restart the 10–day period. *Nakhleh v. Chemical Constr. Corp.,* 366 F.Supp. 1221, 1223 (S.D.N.Y.1973).

In contrast, the Fifth Circuit has held (in an opinion by Judge Alvin R. Rubin) that a district court may freely recertify an interlocutory order as long as the requirements for certification under § 1292(b)—a controlling question of law as to which there is substantial ground for difference of opinion and immediate appeal may materially advance the ultimate termination of the litigation—continue to exist when the would-be

---

5. In *Sperry Rand Corp. v. Bell Telephone Laboratories, Inc.,* 272 F.2d 29 (2d Cir.1959) (in banc), an unusual in banc rehearing of the denial of a petition for leave to appeal under § 1292(b), this court considered a related problem. Although the case was decided before amendment of FRAP

5(a) to include its present language allowing district court certification under § 1292(b) of an order "at any time," we allowed a district court to include the § 1292(b) certification statement months after it had entered the order from which plaintiffs sought to appeal. *Id.* at 30.

appellant seeks recertification. *Aparicio v. Swan Lake,* 643 F.2d 1109, 1110–1113 (5th Cir.1981); see *Aucoin v. Matador Servs. Inc.,* 749 F.2d 1180, 1181 (5th Cir.1985); 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, Jurisdiction & Related Matters 2d. § 3929 at 395 (describing this as the "better view"); see also *Rodriguez v. Banco Central,* et al., 917 F.2d 664, 669 (1st Cir. 1990) (implying that district court could recertify order to enable negligent appellant to file petition); *In re La Providencia Dev. Corp.,* 515 F.2d 94 (1st Cir.1975) (same).

In *Aparicio,* the Fifth Circuit considered the argument that allowing recertification when a year had elapsed after the district court's original certification order would vitiate § 1292(b)'s purpose of ensuring prompt disposition of interlocutory appeals. The court rejected this view because FRAP 5(a) allows a district court to amend "at any time" the order from which an appeal is to be taken, in order to add the certification provision, and the district court retains the power to reconsider its interlocutory orders until it enters final judgment. Therefore, the *Aparicio* court reasoned, an extended delay can occur between the entry and appeal of the interlocutory order under attack. *Id.* at 1111–12. More importantly, "[a] contrary interpretation of the statute would preclude an interlocutory appeal under circumstances in which the criteria of the statute are satisfied and both the district court and [circuit] court have concluded that an interlocutory appeal is appropriate." *Id.* at 1112.

With deference, we regard the Sixth Circuit's approach in *Woods* as unnecessarily rigid. The Fifth Circuit's observations in *Aparicio* are persuasive. However, the Ninth Circuit has noted that the Fifth Circuit's approach on its face goes "too far in the other direction" because it "effectively eliminate[s] the ten-day jurisdictional limit completely by allowing apparently uncontrolled and repeated recertifications." *In re Benny,* 812 F.2d 1133, 1137 (9th Cir.1987). The Ninth Circuit instead "elected to take the middle road adopted by the Seventh Circuit," by which a court of appeals may exercise jurisdiction over a petition to appeal

from a recertified interlocutory order if "jurisdiction over the appeal would serve judicial efficiency" and thus " 'advances the purposes of section 1292(b).' " *Id.* at 1137 (citing *Nuclear Engineering Co. v. Scott,* 660 F.2d 241, 247 (7th Cir.1981)). To facilitate this inquiry, the court in *Nuclear Engineering* focused on "all events transpiring between the entry of certification orders that bear upon the utility of a section 1292(b) appeal." *Id.;* but see *Weir v. Propst,* 915 F.2d 283, 286 (7th Cir. 1990) (describing in dicta the Ninth and Seventh Circuits' approach as "controversial").

Although we agree with Justice Stevens that the issue thus posed is "a close one," *Baldwin,* 466 U.S. at 162, 104 S.Ct. at 1731, we believe that the appropriate approach is that taken by the Ninth Circuit. As we understand it, that would allow a circuit court to accept an appeal in the situation we have here after considering a number of factors, including the length of the delay between the end of the original 10–day period and recertification of the order, the reasons given for failing to timely file in the circuit court, and any prejudice to the appellee from the delay. *Benny,* 812 F.2d at 1137; *Nuclear Engineering,* 660 F.2d at 247–48; see also *Myles v. Laffitte,* 881 F.2d 125, 126 n. 2 (4th Cir.1989) (suggesting in dicta evaluation of same factors). The Third Circuit advocated a somewhat similar approach in *Braden v. University of Pittsburgh,* 552 F.2d 948 (3d Cir.1977) (en banc), holding that a district court may recertify an order—and thus restart the 10–day period—when the appellant's failure to timely file was caused by a mistake of the court, rather than the party's own negligence. *Id.* at 955 (considering fault for and extent of delay and prejudice to appellee). The focus of this inquiry, however, should be on ensuring that the goal of § 1292(b)— resolution of a controlling legal question that could advance the ultimate termination of the litigation—will still be satisfied by allowing an interlocutory appeal.

■ Plaintiffs argue that even under this standard, we should not permit recertification here because defendants' failure to petition within the original 10–day period was due solely to their own negligence. Compare *Nuclear Engineering,* 660 F.2d at 248 (recer-

tification allowed when district court "somewhat encouraged" appellants' legal misunderstanding), and *Braden*, 552 F.2d at 955 (same when delay due to "dereliction" of the district court), with *Woods*, 441 F.2d at 408 (no recertification when appellant "discovered" own error in failing to timely petition). Plaintiffs contend that we should be especially unforgiving when a "seasoned" litigant such as a governmental unit commits the negligence. Cf. *Baldwin*, 466 U.S. at 148, 104 S.Ct. at 1724 (negligent petitioner was pro se litigant).

We reject the contention that an appellant's negligence completely strips the district court of discretion to recertify an interlocutory order. City defendants have candidly admitted from the outset that their failure to timely petition this court resulted from their miscalculation of the 10–day period. While we do not condone carelessness, we weigh the defendants' fault as but one factor—albeit a significant one—in our determination of whether district court recertification in this case serves the goals of § 1292(b).

■ The other factors appear to favor allowing defendants' appeal. Most significantly, the district court emphasized in entering the second § 1292(b) order that it still felt "constrained to grant the City defendants' application to certify this matter" because the certified issue—whether class certification was proper—was a controlling one, the prompt resolution of which could materially advance the ultimate termination of the litigation. Also, defendants moved for recertification in the district court just three days after the lapse of the original 10–day period, and promptly filed their petition in this court for leave to appeal, less than one week later. See, e.g. Wright, Miller & Cooper § 3929 at 397 ("Renewed certification may prove easiest if the ten-day period was barely missed."). Finally, plaintiffs do not suggest that recertification prejudiced them in any way. See *Nuclear Engineering*, 660 F.2d at 248. Indeed, defendants argue that plaintiffs waived their objections to recertification of the order because, after plaintiffs' initial objection in the district court, they failed to either raise this issue before the panel of this court that in early September 1996 granted defendants' petition for leave to appeal or move for reargument before that panel. While not determinative, plaintiffs' tardiness in raising this jurisdictional challenge reinforces defendants' argument that plaintiffs were not prejudiced by recertification in this case. Balancing all of these considerations, we denied plaintiffs' motion to dismiss.

Although we hold that recertification was proper in this case, we caution that "[t]he power to renew the certification should be used carefully to prevent misuse of interlocutory appeals for the purpose or with the effect of harassing an adversary or fostering delay." Wright, Miller & Cooper, § 3929 at 397. District and circuit courts can prevent potential abuse of recertification by carefully evaluating all circumstances surrounding the recertification request as they relate to the ultimate efficiency goals of § 1292(b). See *Aparicio*, 643 F.2d at 1112–13. As discussed above, these goals are served here.

Motion denied.