*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0192P (6th Cir.)
File Name: 02a0192p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____


In re: CITY OF MEMPHIS,
             *Petitioner.*

_____

WEST TENNESSEE CHAPTER
OF ASSOCIATED BUILDERS
AND CONTRACTORS, INC.;
ZELLNER CONSTRUCTION
COMPANY, INC.,
        *Plaintiffs-Appellees,*

      *v.*

CITY OF MEMPHIS,
       *Defendant-Appellant.*

No. 01-0503

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 99-02001—Bernice B. Donald, District Judge.

Argued: January 30, 2002

Decided and Filed: May 31, 2002

Before: GUY and CLAY, Circuit Judges; NUGENT,[*] District Judge.

_____

**COUNSEL**

_____

**ARGUED:** Monika L. Johnson, CITY ATTORNEYS OFFICE, Memphis, Tennessee, for Appellant. Stephen L. Shields, JACKSON, SHIELDS & YEISER, Cordova, Tennessee, for Appellees. **ON BRIEF:** Monika L. Johnson, Robert L. J. Spence, Jr., CITY ATTORNEYS OFFICE, Memphis, Tennessee, for Appellant. Steven L. Shields, James L. Holt, Jr., JACKSON, SHIELDS & YEISER, Cordova, Tennessee, for Appellees.

GUY, J., delivered the opinion of the court, in which NUGENT, D. J., joined. CLAY, J. (pp. 10-11), delivered a separate dissenting opinion.

_____

**OPINION**

_____

RALPH B. GUY, JR., Circuit Judge. Defendant, City of Memphis (City), applies for permission to appeal from the district court's order holding that postenactment evidence cannot be presented by the City to demonstrate a compelling need for awarding construction contracts based on racial preferences. Plaintiffs, West Tennessee Chapter of Associated Builders and Contractors, Inc., and Zellner Construction Company, Inc., argue that the City's application is not timely and that the statutory requirements for interlocutory review have not been met under 28 U.S.C. § 1292(b). After review of the record, the law, and the

litigation. In addition, upholding Judge Donald's certification order would ultimately save the parties time and expense, by avoiding the need for additional discovery and court proceedings if our Court determined after final judgment that a decision to permit post-enactment evidence was not erroneous. I therefore respectfully dissent.

---

[*] The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

—————————

**DISSENT**

—————————

CLAY, Circuit Judge, dissenting. Because I am convinced that the district court's order barring the use of post-enactment evidence presents a controlling question of law, I would grant the interlocutory appeal and submit the matter to a panel for resolution on the merits.

This Court has previously recognized that the "controlling" nature of a legal question does not depend on whether its resolution will immediately dispose of the litigation. "'Rather, all that must be shown in order for a question to be "controlling" is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court.'" *Rafoth v. Nat'l Union Fire Ins. Co. (In re Baker & Getty Fin. Servs., Inc.)*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992) (quoting *Arizona v. Ideal Basic Indus. (In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981)). Wright and Miller recommend taking a practical view of the "controlling question" requirement, explaining that a question is controlling "if interlocutory reversal might save time for the district court, and time and expense for the litigants." 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3930, at 426 (2d ed. 1996).

Under our characterization in *In re Baker & Getty Financial Services,* and the characterization advanced by Wright and Miller, resolution of the admissibility of post-enactment evidence presents a controlling question inasmuch as resolving the admissibility of post-enactment evidence would dictate the course and duration of discovery in this litigation, as well as the content of any dispositive motions or trial. For example, if this Court determined on an interlocutory basis that the City of Memphis may utilize post-enactment evidence, that ruling would fundamentally shape the nature of the case presented in the district court, and would therefore have a material impact on the outcome of the

arguments, we find interlocutory review is not appropriate under §1292(b) and deny the application.

**I.**

Plaintiffs brought this action on January 4, 1999, challenging the use of minority preferences by the City in awarding construction contracts under the City's Minority & Women Business Enterprise Procurement Program (MWBE program). Plaintiffs alleged in relevant part that the MWBE program violated the Fourteenth Amendment.

The City adopted the MWBE program in 1996 as a remedy for past discrimination and to prevent future discrimination. At the time of enactment, the City relied on a disparity study covering the period from 1988 to 1992. Based on that study, the City concluded that it was an active and passive participant in discrimination.

In response to this litigation, the City proposed to commission a new study that would cover the period from 1993 to 1998. The City wishes to use this postenactment study as evidence to demonstrate a compelling governmental interest. The district court ruled on June 9, 1999, that the City could not introduce the postenactment study as evidence of a compelling governmental interest. The district court initially denied the City's motion to certify an interlocutory appeal.

In response to the City's motion to reconsider certification, the district court certified an interlocutory appeal on December 20, 2000.[1] It is undisputed that the parties did not receive notice of entry of the order until after the expiration of the 10-day period for filing an application for interlocutory appeal to this court. On January 9, 2001, the district court *sua sponte* entered an order granting the City an additional 30 days to file the interlocutory appeal. On May 1, 2001, this

_____

[1] Judge Jerome Turner denied certification in July 1999. After Judge Turner's death, Judge Bernice Donald was assigned to the case and granted the motion to certify the interlocutory appeal.

court denied the application for interlocutory appeal finding that the district court could not extend the 10-day period under 28 U.S.C. § 1292(b).

On May 17, 2001, the City filed a motion asking the district court to vacate and reenter its certification order. On July 5, 2001, the district court vacated its December 20, 2001 order. After considering anew whether certification would achieve the ends of § 1292(b), the district court reentered its certification order. On July 12, 2001, the City filed an application for permission to appeal.

## II.

### A. Timeliness of the Appeal

Under 28 U.S.C. § 1292(b), an application for appeal must be made within 10 days after the entry of the district court's certification order. *See also* FED. R. APP. P. 5(a)(2) and (3). Failure to file an appeal within the 10-day period is a jurisdictional defect that deprives this court of the power to entertain an appeal. Neither the district court nor the court of appeals can extend the 10-day period. *Woods v. Baltimore & Ohio R.R. Co.*, 441 F.2d 407, 408 (6th Cir. 1971). *See also* FED. R. APP. P. 26(b)(1).

The question presented here is whether the district court can restart the 10-day period by vacating its original certification order and then reentering the order. In *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984), the district court had recertified its original interlocutory order nine months after the original 10-day period had expired due to the appellant's failure to properly file its petition in the circuit court for leave to appeal. The majority reached the merits of the appeal without mentioning this procedural history. Justice Stevens (joined by Justices Brennan and Marshall) noted these facts, and stated that he was "persuaded by the view, supported by the commentators, that interlocutory appeals in these circumstances should be permitted, notwithstanding the fact that this view essentially renders the 10-day time

must have preenactment evidence sufficient to justify a racially conscious statute. It also indicates that this circuit would not favor using postenactment evidence to make that showing.

Even if we concluded that there is a substantial difference of opinion, the issue presented in this case is not a controlling legal issue. A legal issue is controlling if it could materially affect the outcome of the case. *See In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). A legal question of the type envisioned in § 1292(b), however, generally does not include matters within the discretion of the trial court. *See White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994). A ruling on the admissibility of evidence is reviewed for abuse of discretion. *Burzynski v. Cohen*, 264 F.3d 611, 621 (6th Cir. 2001). An allegation of abuse of discretion on an evidentiary ruling does not create a legal issue under § 1292(b). *See Jones v. Clinton*, 993 F. Supp. 1217, 1223 (E.D. Ark. 1998).

Finally, resolution of the City's challenge to the district court's evidentiary ruling may not materially advance the ultimate termination of the litigation. "When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *White*, 43 F.3d at 378-79. Under *Drabik,* the City must present preenactment evidence to show a compelling state interest. The City has preenactment evidence. Thus, the City will pursue its defense in substantially the same manner. If the City prevails with its preenactment evidence, the exclusion of postenactment evidence will be moot. If it does not prevail, the City can then appeal on the evidentiary ruling and any other issues that may arise below. The application for permission to appeal, therefore, is **DENIED.**

28 U.S.C. § 1292(b).  *See Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974).  Review under § 1292(b) is granted sparingly and only in exceptional cases. *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966).

The City argues that a substantial ground for difference of opinion exists.  Some circuits permit postenactment evidence to supplement preenactment evidence.    *See Eng'g Contractors Ass'n v. Metro. Dade County*, 122 F.3d 895, 911-12 (11th Cir. 1997).  The district court relied on these cases to find that there is substantial disagreement as to the proper role played by postenactment evidence.  This issue, however, appears to have been resolved in this circuit.

In *Associated General Contractors v. Drabik*, 214 F.3d 730 (6th Cir. 2000), *cert. denied*, 531 U.S. 1148 (2001), the district court found that the postenactment evidence the state sought time to gather would not likely be relevant to justify a minority preference program.  In deciding that the district court did not abuse its discretion in making this relevancy determination, we held:

> [U]nder *Croson*, the state must have had sufficient evidentiary justification for a racially conscious statute in advance of its passage; the time of a challenge to the statute, at trial, is not the time for the state to undertake factfinding.  *See Croson*, 488 U.S. at 504, 109 S.Ct. 706 (requiring that governmental entities "must identify that discrimination . . . with some specificity *before* they may use race-conscious relief" (emphasis added)).

*Drabik*, 214 F.3d at 738.

The City argues that the court in *Drabik* did not find that postenactment evidence was inadmissible.  Rather, the City asserts that the court did not allow the state to gather the postenactment evidence because it had not satisfied the requirement that there be sufficient preenactment evidence. Although *Drabik* did not directly address the admissibility of postenactment evidence, it held that a governmental entity

limitation, if not a nullity, essentially within the discretion of a district court to extend at will." *Id*. at 162.

In *Woods*, 441 F.2d at 408, we refused to allow the district court to vacate and, *without reconsideration*, reenter the certification order.  The petitioner in *Woods* missed the original filing deadline through its own inadvertence.  We reasoned that the district court could not do indirectly what it could not do directly.  We declined to decide, however, "whether, following expiration of the time period for the filing of an application for permission to appeal, the Court of Appeals could acquire jurisdiction upon the District Court's reconsideration of its prior order and the timely filing of an application after the entry of such order upon reconsideration." *Id.*

Other circuits allow the district court to vacate and reenter a certification order to permit a timely appeal.  The Fifth Circuit concluded that because the district court retains jurisdiction until final judgment, it can reconsider an interlocutory order.  The Fifth Circuit, therefore, permits recertification even if the petitioner through its own inadvertence failed to take advantage of the original certification as long as the district court finds that the previous justification for interlocutory appeal continues to exist.  *Aparicio v. Swan Lake*, 643 F.2d 1109, 1112 (5th Cir. 1981).  To hold otherwise would preclude an interlocutory appeal where the criteria under § 1292(b) are met, and both the district court and the court of appeals have concluded that an interlocutory appeal is appropriate.  *Id.*

In *Marisol v Giuliani*, 104 F.3d 524, 528-29 (2d Cir. 1996), the Second Circuit decided that recertification is proper if it serves judicial efficiency and advances the purposes of § 1292(b).  *Accord In re Benny*, 812 F.2d 1133, 1137 (9th Cir. 1987); and *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 247 (7th Cir. 1981).  In *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 867 (4th Cir. 2001), the Fourth Circuit found that in order to recertify, a district court must also find (1) that the petitioner's failure to timely file under the original

certification order was a result of excusable neglect and (2) that there is no prejudice to the other party in recertifying the interlocutory order.

In *Braden v. University of Pittsburgh*, 552 F.2d 948, 952 (3d Cir. 1977), the Third Circuit distinguished between the hapless party who did not receive timely notice and the neglectful party who was simply remiss in pursuing the appeal. The court discussed the evolution of FED. R. CIV. P. 77(d) and FED. R. APP. P. 4(a). *Id.* at 953-54. Rule 77(d) states that failure to receive notice of entry of an order from the clerk of the court does not affect the time for appeal or authorize the court to relieve a party for failure to appeal within the time allowed except as permitted by Appellate Rule 4(a). The purpose behind Rule 77(d) was to protect the finality of judgments. Appellate Rule 4(a) pertains to appeals as of right from final judgments and authorizes extending the time to appeal when notice is not received from the clerk. The language in Appellate Rule 4(a) was derived from former Rule 73(a), which permitted relief for failure to timely appeal from both final judgment and nonfinal orders and judgments. The elimination of the remedy for failure to receive notice from the clerk for nonfinal orders and judgments was seemingly the result of an oversight. The Third Circuit concluded that Rule 77(d) should "not be read woodenly so as to preclude such relief in the interlocutory situation, particularly given its limited purpose—to protect the *finality* of judgments." *Id.* at 954. The interest in the finality of judgments would not be affected by reconsideration and reentry of an interlocutory order. The Third Circuit stated: "[W]e do not read Rule 77(d) and its precursors to forestall the district court from granting relief because of its own failure to provide adequate notice to the defendants. It was in response to defendants' petition that the district court entered the certification in the first instance. As a result, it was not unreasonable for the defendants to await notice of any action which had been taken on their petition—especially since no party has been prejudiced by the reentry of the certification order." *Id.* at 954-55. The Third Circuit based its ruling on the broad power that a district court has over a case before a

final judgment is entered. *See Hall v. Cmty. Mental Health Ctr.*, 772 F.2d 42, 43 (3d Cir. 1985).

In this case, as distinguished from the petitioner in *Woods,* the City did not miss the 10-day filing period through its own inadvertence. It was the hapless party identified in *Braden*. When neither party received timely notice of the first certification order, the district court *sua sponte* attempted to cure that error by extending the filing period. The City then filed a petition for permission to appeal. When this Court held that the district court did not have authority to extend the filing period, the City promptly asked the district court to vacate and reenter the certification order. The missed filing deadline and improper attempt to extend the filing period were the results of the actions of the district court and not the City. Any prejudice from the delay and briefing on the initial petition were caused by the district court. This should not preclude the district court from granting relief through reconsideration of the interlocutory order.

Also as distinguished from *Woods*, after vacating the original certification order, the district court reconsidered and specifically found that certification was still proper under § 1292(b). We agree with the other circuits that it is within the broad power of the district court to reconsider an interlocutory order, particularly to avoid an injustice to a party caused by the inadvertent acts of the district court. We find, therefore, that we have jurisdiction to consider the City's application for permission to appeal. It is not necessary and we decline to decide whether a district court can recertify an interlocutory order when the appellant misses the original filing period through its own inadvertence.

## B.   Requirements for Interlocutory Appeal

This court in its discretion may permit an appeal to be taken from an order certified for interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.