In re REGIONS MORGAN KEEGAN ERISA LITIGATION.

Terry Hamby, et al., Plaintiffs.

v.

Morgan Asset Management, Inc., et al., Defendants.

No. 08–2192.

United States District Court, W.D. Tennessee, Western Division.

June 30, 2010.

Derek W. Loeser, Lynn L. Sarko, Margaret E. Wetherald, Karin B. Swope, Keller Rohrback, LLP, Seattle, WA, Ellen M. Doyle, Joel R. Hurt, John Stember, Stephen M. Pincus, William T. Payne, Pamina Ewing, Stember Feinstein Doyle Payne & Cordes, LLC, Pittsburgh, PA, Jon C. Goldfarb, Wiggins Childs Quinn & Pantazis, LLC, Peter H. Burke, Richard S. Frankowski, Burke Harvey & Frankowski, LLC, Birmingham, AL, Elizabeth Hutton, Jeffrey Harris, Statman Harris & Eyrich, Cincinnati, OH, Edward W. Ciolko, Joseph H. Meltzer, Donna Siegel Moffa, Barroway Topaz Kessler Meltzer & Check, Radnor, PA, Gregory Y. Porter, Bailey & Glasser, LLP, Washington, DC, Mark T. Johnson, Todd M. Schneider, Schneider Wallace Cottrell Brayton Konecky LLP, San Francisco, CA, for Plaintiffs.

W. Brantley Phillips, Jr., Matthew M. Curley, Michael L. Dagley, Bass Berry & Sims PLC, Nashville, TN, Michael A. Brady, Shepherd D. Tate, Bass Berry & Sims PLC, Robert E. Craddock, Jr., Kristen Mistretta Wilson, Wyatt Tarrant & Combs, Memphis, TN, Christopher J. Rillo, Sarah A. Zumwalt, Thomas F. Fitzgerald, Groom Law Group, Chartered, Washington, DC, Grace Robinson Murphy, Jeffrey A. Lee, William B. Wahlheim, Jr., Peter S. Fruin, Maynard Cooper Gale, PC, Birmingham, AL, for Defendants.

Thomas S. Gigot, Groom Law Group Chartered, Washington, DC, for Plaintiffs and Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

SAMUEL H. MAYS, JR., District Judge.

Before the Court is Defendants' April 7, 2010 Motion to Certify the Court's March 9, 2010 Order for Interlocutory Appeal and to Stay Proceedings Pending Resolution of Such Appeal. Plaintiffs responded in opposition on April 28, 2010.

On March 9, 2010, the Court entered an Order Granting in Part and Denying in Part Defendants' Motions to Dismiss certain of Plaintiffs' claim under the Employee Retirement Income Security Act, as amended ("ERISA"). *See In re Regions Morgan Keegan ERISA Litig.,* 692 F.Supp.2d 944 (W.D.Tenn.2010). Plaintiffs' Complaint alleges, *inter alia,* that Defendants violated ERISA § 404(a)(1)(A)'s duty of prudence and that Defendants violated their duty of disclosure by giving Plaintiffs incomplete and inaccurate information. In declining to dismiss Plaintiffs' prudence claims, the Court held that it would be inappropriate to apply the "presumption of prudence," as set forth in *Kuper v. Iovenko,* 66 F.3d 1447 (6th Cir.1995) and *Moench v. Robertson,* 62 F.3d 553 (3d Cir.1995), at the pleading stage. *In re Morgan Keegan,* 692 F.Supp.2d at 953–54. In declining to dismiss Plaintiffs' disclosure claims, the Court concluded that Plaintiffs had adequately pled that the missing or incomplete information in Regions' SEC filings, annual reports, and press releases was "converted into [ERISA] fiduciary communications" by its alleged incorporation by reference into Plan[1] communications, and that Plaintiffs had adequately pled that failure oth-

---

1. The "Plan" refers to a Regions Financial Corporation ("Regions") sponsored 401(k) retirement plan or its predecessor. Three plans are at issue in this suit, all of which Regions sponsored.

erwise to disclose such information was a violation of ERISA duties. *Id.* at 955–56.

Defendants seek to certify two questions for interlocutory appeal: (1) whether the *Kuper* presumption of prudence should be applied at the pleading stage and (2) whether incorporation by reference of corporate statements into Plan communications converts those statements into fiduciary communications. (Defendants' Motion for Certification of Interlocutory Appeal ¶ 4.) ("Defs.' Mot.") Defendants also seek a stay of all proceedings until their request for appeal and any resulting appeal are resolved. For the following reasons, the Court DENIES Defendants' Motion to Certify.

## I. Standard of Review

28 U.S.C. § 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

 In deciding whether to grant an interlocutory appeal, the Court considers three factors: (1) whether the order involves a "controlling question of law"; (2) whether there is "substantial ground for difference of opinion" about the correct-

ness of the decision; and (3) whether an immediate appeal would "materially advance the ultimate termination of the litigation." *In re City of Memphis,* 293 F.3d 345, 350 (6th Cir.2002) (citation omitted). An interlocutory appeal should "be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation." *Cardwell v. Chesapeake & Ohio Ry. Co.,* 504 F.2d 444, 446 (6th Cir.1974) (citation omitted). There must be "exceptional circumstances [to] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (citation omitted); *see also Cardwell,* 504 F.2d at 446 (concluding that the legislative history makes it clear "that Congress intended section 1292(b) should be sparingly applied.").

## II. Analysis

### A. Presumption of Prudence

 Defendants' Motion focuses primarily on whether the presumption of prudence should be applied by a district court when it is considering a motion to dismiss. The presumption of prudence, as set forth in *Kuper* and *Moench,* provides that continuing to offer company stock as an investment option under an employee stock ownership plan is presumed to be consistent with ERISA. *Kuper,* 66 F.3d at 1459; *Moench,* 62 F.3d at 571. To overcome that presumption, plaintiffs must make a showing that continuation of the plan's company stock investment fund would frustrate the settler's intent. *Moench,* 62 F.3d at 571. The Sixth Circuit adopted and applied the *Moench* presumption in *Kuper,* on a motion for summary judgment, but has not addressed whether it should be applied on a motion to dismiss. *Kuper,* 66 F.3d at 1459. In support of

their Motion, Defendants note that United States District Judge S. Thomas Anderson, after finding that the presumption of prudence should not be applied on a motion to dismiss, certified the issue for interlocutory appeal. *See Sims v. First Horizon Nat'l Corp.*, No. 08–2293–STA-cgc, 2010 WL 1050976, at *4 (W.D.Tenn. Mar. 22, 2010) (staying all proceedings pending resolution of interlocutory appeal on issue of whether presumption of prudence should apply at the pleading stage). For the following reasons, the Court finds that the extraordinary circumstances necessary to grant an interlocutory appeal on this issue are not present in the instant suit.

### 1. Substantial Ground for Difference of Opinion

A "difference of opinion" is established "when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *Gaylord Entm't Co. v. Gilmore Entm't Group*, 187 F.Supp.2d 926, 956 (M.D.Tenn. 2002) (citation omitted). At least fourteen district courts in this Circuit have addressed this issue. It is not one of first impression. District courts in this Circuit have overwhelmingly declined to apply the presumption of prudence at the pleading state, many following the reasoning in *In re Diebold Erisa Litigation*, where the Court noted that "the Sixth Circuit gave no indication at all [in *Kuper*] that it was creating a pleading standard" and that "[c]ourts have consistently rejected application of *Kuper* at the pleading stage." No. 5:06 CV 0170, 2008 WL 2225712, at *9 (N.D.Ohio May 28, 2008) (citations omitted); *see also, e.g., Taylor v. KeyCorp*, 678 F.Supp.2d 633, 640 (N.D.Ohio 2009) (if presumption is applied at the pleading stage, need only allege facts that could rebut the presumption at a later stage); *Sims v. First Horizon Nat'l Corp.*, No. 08–2293–

STA–cgc, 2009 WL 3241689, at *22 (W.D.Tenn. Sept. 30, 2009) (declining to extend presumption of prudence on motion to dismiss) (motion for interlocutory appeal currently pending before the Sixth Circuit); *Shanehchian v. Macy's, Inc.*, No. 1:07–CV–00828, 2009 WL 2524562, at *6 (S.D.Ohio Aug. 14, 2009) (plaintiffs not required to plead facts to overcome presumption of prudence; must merely plead sufficient facts to demonstrate plausible basis to overcome presumption of prudence); *Banks v. Healthways, Inc.*, No. 3:08–0734, 2009 WL 211137, at *2 (M.D.Tenn. Jan. 28, 2009) (dismissal under either *Kuper* or *Moench* inappropriate on motion to dismiss); *In re Ford Motor Co. ERISA Litig.*, 590 F.Supp.2d 883, 915–16 (E.D.Mich.2008) (denying motion to dismiss where plaintiffs' complaint alleged facts sufficient to give "a 'reasonably founded hope' that with further discovery they can make out a case sufficient to rebut the presumption of prudence"); *In re Goodyear Tire & Rubber Co. ERISA Litig.*, 438 F.Supp.2d 783, 793 (N.D.Ohio 2006) (dismissal under either *Kuper* or *Moench* inappropriate on motion to dismiss).

Defendants cite *Benitez v. Humana, Inc.*, No. 3:08CV–211–H, 2009 WL 3166651, at *22 (W.D.Ky. Sept. 30, 2009), and *In re Ford Motor Co. ERISA Litig.*, 590 F.Supp.2d at 893 n. 1, for the proposition that there is a difference of opinion within the Circuit about whether the presumption should apply at the pleading stage. (Defs.' Mot. 8.) Neither case supports that proposition. The footnote from *Ford* that Defendants cite is not the conclusion in *Ford*. The Court in *Ford* did not require plaintiff to plead facts to overcome the presumption of prudence. Rather, the Court found that, if a pleading alleged no facts to state a plausible ERISA claim in light of the presumption of prudence, dismissal would be appropriate. The Court

did not find that a plaintiff needed to overcome the presumption of prudence at the pleading stage. Indeed, it clarified that, "where the allegations suggest that with future discovery there is a reasonably founded hope that a plaintiff would be able to make a case, Courts should not, in effect, apply Rule 56 standards to the complaint on a motion to dismiss." *In re Ford,* 590 F.Supp.2d at 907 (internal quotation marks omitted). Therefore, the holding in *Ford* is not contrary to the prevailing view within the Circuit that Courts should not apply the *Kuper* presumption of prudence on a motion to dismiss.

In *Benitez,* the Court applied the *Kuper* presumption to a motion to dismiss without any discussion about the appropriateness of applying that standard at the pleading stage. *Benitez,* 2009 WL 3166651, at *6–9. The opinion states and applies the *Kuper* presumption without acknowledging that *Kuper* dealt with the presumption on a motion for summary judgment and without acknowledging any of the extensive case law from district courts refusing to extend the presumption to the pleading stage. Because the Court did not consider the question, *Benitez* does not support the conclusion that there is a difference of opinion within the Circuit.

Defendants cite *Edgar v. Avaya, Inc.,* 503 F.3d 340 (3d Cir.2007), *Wright v. Oregon Metallurgical Corporation,* 360 F.3d 1090 (9th Cir.2004), and *Pugh v. Tribune Company,* 521 F.3d 686, 702 (7th Cir.2008) as evidence of a split among the circuits. (Defs.' Mot. 7–8.) The Court in *Edgar* adopted the reasoning adopted in *Ford,* finding that a plaintiff must allege facts that *could* overcome a presumption of prudence, not that it must overcome the presumption at the pleading stage. *Edgar,* 503 F.3d at 349; *see id.* at 349 n. 14 (acknowledging the many district court cases holding that it would be improper to apply the presumption of prudence at the pleading stage, and finding that only "a duty of prudence claim that is on its face inadequate as a matter of law obviates the need for discovery.").

The same reasoning was adopted in *Wright,* where the Court found that, "[t]hough Plaintiffs contend that the district court prematurely dismissed their claims at the motion to dismiss stage, Plaintiffs' alleged facts effectively preclude a claim under *Moench,* eliminating the need for further discovery." *Wright,* 360 F.3d at 1098 (citation omitted). As in *Ford* and *Edgar,* the Court in *Wright* did not require plaintiff to overcome the presumption of prudence at the pleading stage, but dismissed a claim where no set of facts was alleged that could, even with additional discovery, state a claim under *Moench.*[2]

In *Pugh,* the Court addressed the *Moench* presumption in dicta, having already found that all claims against Defendants should be dismissed. The Court never directly addressed the presumption of prudence, merely stating that "the plaintiff must show that the ERISA fiduciary could not have reasonably believed that the plan's drafters would have intended under the circumstances that he continue to comply with the ESOP's direction that he invest exclusively in employer securities." 521 F.3d at 701 (citations omitted). The Court then analyzed the factual

**2.** Plaintiffs have not pled themselves out of court in the instant suit. Plaintiffs allege seven sets of internal problems that made Regions Financial Corporation ("Regions") stock a risky and imprudent investment. *In re Regions Morgan Keegan,* 692 F.Supp.2d at 950–51. The Complaint alleges substantial and sufficient grounds to state a prudence claim under the *Kuper/Moench* standard. (*See, e.g.,* Compl. ¶¶ 81, 153, 162, 168–69, 172, 177–89.)

allegations in the pleadings and stated, "[a]ccordingly, if it were necessary to resolve this issue, we would likely find that the complaint fails to adequately allege that defendants acted imprudently by not discontinuing the company stock fund." *Id.* at 702. This analysis is consistent with the decisions of other circuits. There is no split in authority. Therefore, there is no substantial ground for difference of opinion about whether the presumption of prudence applies at the pleading stage. *See Gaylord,* 187 F.Supp.2d at 956.

## 2. Immediate Appeal Would Not Advance the Litigation

■ Section 1292(b) is:

designed to permit an interlocutory appeal where it may operate to minimize the overall cost of litigation on the parties and the judicial system ... and should be used only where the court is persuaded that unusual circumstances justify a departure from the ordinary rule of postponing judicial review until after entry of a final judgment.

16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 n. 46 (2d ed.1996) (internal quotation marks and citation omitted) (omission in original). An interlocutory appeal will materially advance the litigation if it will "save substantial judicial resources and litigant expense." *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis,* 138 F.Supp.2d 1015, 1026 (W.D.Tenn.2000). Under this standard, "[a]n interlocutory appeal is more appropriate early in the proceedings, particularly in protracted and expensive cases, where failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties." *Black & Decker, Inc. v. Smith,* No. 07–1201, 2008 WL 3850825, at *10 (W.D.Tenn. Aug. 13, 2008) (internal quotation marks and citation omitted).

■ Defendants argue that the proceedings are "in their infancy," and that substantial discovery could be avoided, including "depositions of dozens of witnesses," if the Sixth Circuit should conclude that the *Kuper* presumption applies at the pleading stage. (Defs.' Mot. 10.) Plaintiffs argue that an interlocutory appeal would not advance the litigation because it is unlikely that the Sixth Circuit would find that the presumption should be applied at the pleading stage. Even if the presumption were applied, however, Plaintiffs argue that it would not necessarily follow that any claims would be dismissed. (Plaintiffs' Response to Motion for Certification 13.) ("Pls.' Resp.") Plaintiffs also note that at least four other consolidated cases and three governmental enforcement actions are in lock-step with the pending suit and that staying one case while the other cases proceed "would result in piecemeal, costly litigation, and would not be an efficient use of judicial resources." (*Id.* at 8.)

The Court agrees with Plaintiffs that an interlocutory appeal would not materially advance the ultimate termination of this litigation. As Defendants argue, this issue has already been certified for interlocutory appeal in the *Sims* case. *See Sims,* 2010 WL 1050976, at *4. If the Court of Appeals agrees to consider the matter and finds that the presumption of prudence should be applied at the pleading stage, Defendants will have the opportunity to file a motion for reconsideration, and the Court will address the issue. Regardless of the resolution of the issue, a number of claims remain. Thus, it will be most efficient for the case to continue without an interlocutory appeal and a stay.

## 3. Controlling Issue of Law

■ "A legal issue is controlling if it could materially affect the outcome of the case," *City of Memphis,* 293 F.3d at 351 (citation omitted), that is, if its resolution

could result in a reversal of a district court's final judgment, has precedential value, or if it would save the Court and the parties substantial time and resources. *W. Tenn. Chapter of Assoc. Builders,* 138 F.Supp.2d at 1018 (citations omitted).

 Defendants argue that this issue is a controlling question of law because it could result in the dismissal of multiple claims, allowing a substantial portion of the case to be dismissed at an early stage. (Defs.' Mot. 6–7.) Plaintiffs argue that the issue is not controlling because it is not central to liability; an interlocutory appeal would not materially advance the litigation; and there is an alternative basis for denial of the motion to dismiss. (Pls.' Resp. 2–8.)

As discussed above, an interlocutory appeal would not materially advance the pending litigation. Although Defendants argue that application of the presumption of prudence might result in dismissal of prudence claims, a number of claims would remain. Also, even if the presumption should be applied, the Court would be required to determine whether the presumption should result in dismissal of the relevant claims, a mixed question of law and fact. *See Fannin v. CSX Transp., Inc.,* No. 88–8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1989) (*per curiam* ) (finding that an issue of law which is "heavily freighted with the necessity for factual assessment" is not controlling under § 1292(b)); *In re Enron Corp. Sec., Derivative & ERISA Litig.,* No. MDL–1446, 2006 WL 3447709, at *1 (S.D.Tex. Nov. 21, 2006) (refusing to certify the issue of a pleading requirement on a motion to dismiss that involved law and fact); *cf. In re Bisphenol–A (BPA) Polycarbonate Plastic Prods. Liab. Litig.,* No. 08–1967–MD–W–ODS, 2010 WL 286428, at *2 (W.D.Mo. Jan. 19, 2010) (denying motion for certification and noting, "the difficulty is that any contested motion to dismiss that is denied can be said to satisfy the require-

ments. Unlike purely legal issues that would cause the immediate termination of the suit . . . the issues in this case involve law and fact.")

Also weighing against finding this issue a controlling question of law, there are additional grounds for recovery even if the presumption of prudence applies. "Rejection of one theory may not be controlling when another theory remains available that may support the same result." 16 Federal Practice & Procedure § 3930. Plaintiffs argue that they have alleged sufficient facts to withstand the presumption of prudence. Although the Court is unwilling to apply the presumption of prudence, it agrees that the possibility that Plaintiffs could withstand dismissal if the presumption were applied weighs against certifying an interlocutory appeal. *See id.*

Because of the number of courts that have already addressed this issue and reached the same conclusion, the issue does not have significant precedential value. As discussed above, certification would not materially advance the case. There would be significant remaining claims regardless of the decision on interlocutory appeal, there would be alternative grounds for recovery, and additional analysis of law and fact would be necessary. Therefore, the question presented is not a controlling issue of law under § 1292.

All three factors used in this Circuit to determine whether extraordinary circumstances exist weigh against granting Defendants' Motion. Therefore, Defendants' Motion to certify whether the presumption of prudence should be applied at the pleading stage is DENIED.

## B. Incorporation by Reference into Plan Documents

 Defendants also seek certification of whether incorporation of SEC filings by reference into Plan communications con-

verts those filings into fiduciary statements. (Defs.' Mot. 11.) Defendants argue that this is a controlling issue of law because, if the Sixth Circuit determines that materials incorporated by reference were not fiduciary communications, all of Plaintiffs' disclosure claims would fail. (Defs.' Mot. 11.) Plaintiffs respond that interlocutory reversal on the issue would leave other disclosure claims unresolved, making interlocutory appeal inefficient and inappropriate. (Pls.' Resp. 14–15.)

Plaintiffs' Complaint alleges Defendants breached their fiduciary duty by failing to provide complete and accurate information to Plan participants. In Count IX, Plaintiffs allege that the Bond Fund Communications Defendants breached their duties to inform by making material, direct, and indirect misrepresentations about Regions' Bond Funds in Plan-related materials. (*See* Compl. ¶¶ 419–429.) In Count XIII, Plaintiffs allege that the Excessive Fee Communications Defendants breached their duties to inform participants by failing to provide complete and accurate information to Plan participants about the excessive fees charged by funds offered as investment options in the Plans. (*See id.* ¶¶ 464–75.) In Counts IX and XIII, Plaintiffs' Complaint alleges non-disclosure claims associated with Plaintiffs' Bond Fund and Excessive Fee claims. None of these claims is dependent on Defendants' incorporation by reference of SEC filings and other documents. Resolution of this issue would not save the Court or the parties substantial amounts of time, nor would it materially advance the litigation. *See City of Memphis,* 293 F.3d at 351. It is not a controlling issue of law. *See id.; W. Tenn. Chapter of Associated Builders,* 138 F.Supp.2d at 1018.

Defendants assert that substantial difference of opinion exists on this issue, and cite *Shirk v. Fifth Third Bancorp,* No.05–cv–049, 2009 WL 692124 (S.D.Ohio Jan. 29, 2009) (*Shirk II*) and *Benitez* as evidence of differing opinions within the Circuit. In *Shirk II,* on a motion for summary judgment, the court held that a "fiduciary is not liable under ERISA simply because he made public statements [press releases] concerning a company's financial condition." *Shirk II,* 2009 WL 692124, at *16 (citation omitted, brackets in original). However, in an earlier ruling on a motion to dismiss, the court stated, "the allegations will be sufficient to state a claim based on misrepresentations in SEC disclosures, press releases and other public documents *only to the extent those statements were incorporated into the Plan's documents* and/or disseminated to the Plan's participants." *Shirk v. Fifth Third Bancorp,* No. 05–cv–49, 2007 WL 1100429, at *12 (S.D.Ohio Apr. 10, 2007) (*Shirk I*) (citations omitted). Thus, the *Shirk I* opinion, dealing with a motion to dismiss, is not contrary to this Court's Order finding Plaintiffs have adequately pled that the communications at issue were converted to fiduciary communications by their incorporation. *In re Morgan Keegan ERISA,* 692 F.Supp.2d at 955–56.

The other case Defendants cite, *Benitez,* does provide a contrary opinion. The court in *Benitez* held that "the preparation of SEC filings is not a fiduciary act for purposes of ERISA, even if the SEC filings are incorporated by reference into ERISA documents." *Benitez,* 2009 WL 3166651, at *10 n. 6 (citation omitted). However, an outlier opinion is not evidence of disagreement within the Circuit sufficient to establish grounds for an interlocutory appeal. *Compare id., with In re Diebold,* 2008 WL 2225712, at *5 ("[T]o the extent that the allegedly inaccurate or misleading communications relate to SEC filings that were incorporated by reference into the Plan documents, and/or were disseminated to Plan participants, such misrepresentations are actionable under

ERISA"); *In re Ferro Corp. ERISA Litig.,* 422 F.Supp.2d 850, 865 (N.D.Ohio 2006) (misrepresentations contained in SEC filings actionable under ERISA where communications are incorporated into plan documents); *In re Goodyear,* 438 F.Supp.2d at 795 (allegations actionable where they "relate to SEC filings that were incorporated into the Plans' documents and/or that were disseminated to the Plans' participants.") (citation omitted); *In re CMS Energy ERISA Litig.,* 312 F.Supp.2d 898, 915 (E.D.Mich.2004) ("Those who prepare and sign SEC filings do not become ERISA fiduciaries through those acts. . . . Those who are ERISA fiduciaries, however, cannot in violation of their fiduciary obligations disseminate false information to plan participants, including false information contained in SEC filings." (citation omitted)); *Rankin v. Rots,* 278 F.Supp.2d 853, 876 (E.D.Mich. 2003) (same).

■■■ The only Circuit to have addressed the issue is the Fifth in *Kirschbaum v. Reliant Energy, Inc.,* 526 F.3d 243 (5th Cir.2008). A single circuit addressing the issue and reaching a different conclusion does not create a substantial difference of opinion or evidence the extraordinary circumstances warranting an interlocutory appeal. This issue is not one of first impression, there is no significant disagreement among the district courts in the Sixth Circuit, and one circuit deciding to the contrary does not establish a circuit split. Thus, there is no ground for disagreement sufficient to support certification of this issue for interlocutory appeal.

Staying the case and certifying an interlocutory appeal on this issue would not materially advance the litigation. Defendants argue to the contrary for the reasons discussed in their argument about the presumption of prudence. (Defs.' Mot. 13–14.) Plaintiffs argue that this issue relates only to a portion of Plaintiffs' company stock non-disclosure claims, leaving a number of claims pending regardless of the outcome of an interlocutory appeal. (Pls.' Resp. 17.)

Based on the number of claims that would go forward regardless of the resolution of this issue, certifying an interlocutory appeal and staying the case until its resolution would not materially advance this litigation. It would be a more efficient use of the time and resources of the Court and the parties to proceed. Thus, all § 1292 factors favor denying Defendants' Motion on the issue of incorporation by reference.

### III. Conclusion

For the foregoing reasons, Defendants' Motion for Certification of Interlocutory Appeal and Stay of Proceedings is DENIED.