GRIFFITH, Circuit Judge,
concurring:
I join the court’s holding that Kennedy failed to timely file even the functional equivalent of a petition for permission to appeal under 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5, Before the statutory deadline, all Kennedy did was file a notice of appeal with the district court’s clerk. And all this court received— transmitted by the district court’s clerk— was that notice, the district court’s opinion and order certifying the interlocutory appeal, and the district court’s docket sheet. These materials failed to perform two essential functions of a petition for permission to appeal: to actually request permission from this court, and to put the other party on notice of its chance to respond. See Op. at 535, 536-37; see also Fed. R. App. P. 5(a)(1) (“To request permission to appeal ... a party must file a petition for permission to appeal.”); id. (requiring “proof of service on all other parties to the district-court action”); id. 5(b)(2) (“A party may file an answer in opposition or a cross-petition within 10 days after the petition is served.”).
I write separately to emphasize that our decision is limited to the facts at hand: a filing that fails to perform the most rudimentary functions of a proper petition. Our holding does not resolve whether more conscientious efforts might qualify as functional equivalents of petitions for permission to appeal. For instance, we do not rule out that a filing might pass muster as a functional equivalent if it adopts the district court’s reasoning by reference. But Kennedy’s filing did not even direct attention to the portion of the district court’s opinion discussing § 1292(b). Neither do we hold that a party must anticipate and address the range of prudential considerations that the appellate court might find relevant. But Kennedy failed even to ask this court to permit the appeal. Nor do we hold that a party may never use an agent to transmit a petition to the circuit court as Kennedy does not argue that he had used the district court’s clerk in that way.
*538 One fínal note. Because, of the failure by Kennedy’s counsel to petition for permission to appeal, we are barred from addressing a merits issue that the district court thought close and important enough to certify for interlocutory review. If Kennedy still believes that issue warrants resolution, he might seek a new certification order from the district court. Our limited decision today says nothing about whether a second attempt would succeed. Cf. Marisol v. Giuliani, 104 F.3d 524, 527-28 (2d Cir. 1997) (describing a circuit split over whether.a new certification order restarts the § 1292(b) clock); 28 U.S.C. § 1292(b) (requiring both certification from the district court and permission from the appellate court).