**In re LA PROVIDENCIA DEVELOPMENT CORPORATION, Petitioner.**

**Misc. No. 75–8037.**

United States Court of Appeals, First Circuit.

Submitted April 7, 1975.

Decided May 1, 1975.

in the interests of justice and judicial economy it should exercise pendent jurisdiction over the remaining defendants, including petitioner, permitting plaintiffs to litigate in one court their federal and state claims. Acknowledging the difficulty of the question of jurisdiction, the district court made the proper certification to permit defendants to apply to this court for permission to take an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Petitioner, instead of filing a petition for permission to appeal with this court, as required by § 1292(b) and Federal Rule of Appellate Procedure 5(a), filed a notice of appeal in the district court. On March 14, 1975, the district court, noting that the proper application for leave to appeal had not been filed, recertified the question of jurisdiction, "in order that the parties not be deprived of a timely appellate decision". In its order the court directed counsel's attention to § 1292(b) and F.R.A.P. 5(a). Incredibly, petitioner once again failed to file an application for leave to appeal with this court, filing instead a new notice of appeal in the district court.[1] Petitioner postulates its request for mandamus on the claim that its right to appeal is being obstructed by the failure of the clerk of the district court to transmit the record on appeal.

Federal Rule of Appellate Procedure 3(a) provides that "[a]n appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court . . . . Appeals by permission under 28 U.S.C. § 1292(b) . . . shall be taken in the manner prescribed by Rule 5 . . . ." Generally only those actions of the district court which terminate a litigation, Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945), or which involve the grant or denial of injunctive relief are appealable to the courts of appeals

Edelmiro Salas Garcia, Miami, Fla., for petitioner upon application.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Petitioner seeks a writ of mandamus to compel the transmission of the record in this litigation by the clerk of the District Court for the District of Puerto Rico. Petitioner is one of a number of defendants in a suit alleging misuse of union welfare funds. On December 18, 1974, over eight years after the initiation of the suit, the district court filed an extensive opinion and order holding that it had jurisdiction over some of the defendants under 29 U.S.C. § 501, and that

1. Other defendants properly applied to this court for leave to appeal following the district court's March 14 order.

as of right.[2] 28 U.S.C. §§ 1291, 1292(a); 9 J. Moore, Federal Practice and Procedure ¶ 110.08. "The foundation of this policy is not in merely technical conceptions of 'finality'. It is one against piecemeal litigation." Catlin v. United States, *supra,* at 233, 65 S.Ct. at 634.

The opinion and order from which petitioner here seeks to appeal is interlocutory, and would normally be appealable only upon the final disposition of the case upon the merits by the district court. Section 1292(b), however, provides a limited exception under which interlocutory orders involving "a controlling question of law as to which there is substantial ground for difference of opinion . . . ." may be certified by the district court for appeal· to the court of appeals. "The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days . . . ." The statute explicitly provides, as does F.R.A.P. 5(a) for application to the court of appeals because the appeal from an interlocutory order certified by the district court is not one taken as of right, but one which the court of appeals may hear if it so chooses.

Counsel, by his refusal to comply with the rules and statutory provisions governing proceedings in this court, has lost the opportunity to take an interlocutory appeal from the district court's opinion and order. This same attorney, in another action, similarly failed to properly file an application with us for leave to appeal an allowance in bankruptcy. There, as here, he sought to convince us that he had acted correctly by the proffer of assertions innocent of any reference to case, statute, rule or treatise. Unfortunately, the latter determine the outcome.

Petition denied.

2. There are numerous exceptions to the general rule. *See* 9 J. Moore, Federal Practice and Procedure, ¶ 110.01–110.13.