904 F.2d 44
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Raymond Keith FOSTER, Keith Mfg. Co. and Keith Sales, Co.,
Plaintiffs-Respondents,
v.
HALLCO MANUFACTURING CO., INC., and Olof A. Hallistrom,
Defendants-Petitioners.
 Misc. No. 276.
 United States Court of Appeals, Federal Circuit.
 April 4, 1990.
 
 Before ARCHER, Circuit Judge, and BALDWIN and BENNETT, Senior Circuit Judges.
 ORDER
 ARCHER, Circuit Judge.
 
 
 1
 Hallco Manufacturing Co., Inc. et al. (Hallco) petition for permission to appeal the November 8, 1989 order of the United States District Court for the District of Oregon, certified for immediate appeal pursuant to 28 U.S.C. Sec. 1292(b), (c) on January 5, 1990, and recertified on January 24, 1990. Raymond Keith Foster, et al. (Keith) oppose the petition.
 
 
 2
 On January 5, 1990, the district court certified an order for immediate appeal pursuant to 28 U.S.C. Sec. 1292(b), (c). Pursuant to a "docketing error," Hallco failed to timely petition this court for permission to appeal. Pursuant to Hallco's motion, the district court recertified its order. The district court relied on In re Benny, 812 F.2d 1133 (9th Cir.1987) to support recertification.
 
 
 3
 In Benny, the Ninth Circuit elected "to take the middle road" on whether recertification was proper and determined the test to be whether "jurisdiction over the appeal would serve judicial efficiency." Benny, 812 F.2d at 1137. Accord, Nuclear Engineering Co. v. Scott, 660 F.2d 241 (7th Cir.1981), cert. denied, 455 U.S. 993 (1982). In contrast, the Third and Sixth Circuits hold that a district court may not recertify to permit the filing of a timely petition if counsel's neglect caused the failure to timely petition from the original certification. See Braden v. Univ. of Pittsburgh, 552 F.2d 948 (3d Cir.1977) (in banc ); Woods v. Baltimore & Ohio R.R. Co., 441 F.2d 407 (6th Cir.1971) (per curiam). The First and Fifth Circuits permit a more flexible approach and have implicitly approved recertification even though counsel's neglect caused the failure to timely petition originally. See Aucoin v. Matador Services, Inc., 749 F.2d 1180 (5th Cir.1985); Aparicio v. Swan Lake, 643 F.2d 1109 (5th Cir.1981); In Re La Providencia Development Corp., 515 F.2d 94 (1st Cir.1975) (per curiam).
 
 
 4
 A threshold issue here is whether this court will grant a petition for permission to appeal where counsel's neglect caused the failure to timely petition from the first certification.*
 
 
 5
 We think that the best approach is the middle road taken by the Ninth and Seventh Circuits. If recertification fosters judicial efficiency, then the appellate court ought not to deny review solely because the petitioner failed to take advantage of the original certification. Benny, 812 F.2d at 1137. Here, that test is met.
 
 
 6
 The district court determined that a consent judgment and licensing agreement between the parties that barred future validity challenges was unenforceable in view of Massillon-Cleveland-Akron Sign Co. v. Golden State Advertising Co., 444 F.2d 425 (9th Cir.1971) and Lear Inc. v. Adkins, 395 U.S. 653 (1969). The district court noted:
 
 
 7
 This motion presents a very close question. Six circuits have ruled that consent judgments of validity and infringement are enforceable despite the Supreme Court's holding in Lear.
 
 
 8
 We agree that the certified order involves a "controlling question of law" as to which there is "substantial ground for difference of opinion," and which may "materially advance the ultimate termination of the litigation." Because permitting an immediate appeal of the district court's order will foster judicial efficiency, we will permit the recertification and grant Hallco's petition for permission to appeal.
 
 
 9
 Accordingly,
 
 IT IS ORDERED:
 
 10
 Hallco's petition for permission to appeal is granted.
 
 
 
 *
 This court has the duty to determine its jurisdiction and to satisfy itself that an appeal is properly before it. We may, of course, look for guidance in the decisions of the regional circuit to which appeals from the district court would normally lie, see, e.g. In re International Medical Prosthetics Research Assocs., Inc., 739 F.2d 618, 620 (Fed.Cir.1984), as well as those of other courts. However, our decision to follow another circuit's interpretation of a common jurisdictional statute results from the persuasiveness of its analysis, not any binding effect
 Woodward v. Sage Products, Inc., 818 F.2d 841, 844 (Fed.Cir.1987) (in banc ).