Alton **COLEMAN, Petitioner–Appellee,**

v.

Cecil **DAVIS, Respondent–Appellant.**

No. 01–8041.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 16, 2002.

Decided Jan. 28, 2002.

Before EASTERBROOK, MANION, and ROVNER, Circuit Judges.

### Order

On December 11, 2001, the district court certified an order for interlocutory appeal under 28 U.S.C. § 1292(b). That decision was entered on the docket the next day, and by the statute's terms a petition for leave to appeal had to be filed within 10 days. Because the petition was filed in this court rather than the district court, Fed. R.App. P. 26(a) defines how the 10 days are counted and requires the use of calendar days, including weekends.

The 10 days thus expired on December 22, a Saturday. The court was closed on December 24 and 25, so under Rule 26(a)(3) the last day to file was December 26. The petition was not filed until December 27 and thus is jurisdictionally out of time. It is dismissed.

This court held in *Nuclear Engineering Co. v. Scott*, 660 F.2d 241, 246–47 (7th Cir.1981), that a district judge may recertify an order for interlocutory appeal, provided that the delay was not attributable to counsel's negligence and that the public interest supports interlocutory review. We would be inclined to grant a petition for review, if a timely petition were filed. Whether the delay was caused by negligence, and if not whether a recertification otherwise is appropriate, are issues that we leave to the district court in the first instance.